UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Case No. _____

ARTHUR DYER,

    Plaintiff,

v.

ARENA HORSE SHOWS OF OCALA, LLC
d/b/a World Equestrian Center, World
Equestrian Center Ocala, and WEC South,
and COLUMBUS HOSPITALITY, LLC,
d/b/a World Equestrian Center and World
Equestrian Center Ocala,

    Defendants.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, Arena Horse Shows Of Ocala, LLC ("Arena Horse Shows"), by and through undersigned counsel, hereby gives notice of removal of the case styled *Arthur Dyer v. Arena Horse Shows of Ocala, LLC, et al.,* Case No. 22-CA-1810, currently pending in the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida (the "State Court Action"), to the United States District Court for the Middle District of Florida, Ocala Division.  As grounds, Defendant states as follows:

    1.    On or about August 31, 2022, Plaintiff, Arthur Dyer ("Plaintiff") initiated the State Court Action by filing a Complaint. On November 5, 2022, prior to serving either of the Defendants, Plaintiff filed an Amended Complaint.  Plaintiff

67914251;1

served the Amended Complaint on Defendant Columbus Hospitality, LLC ("Columbus") on November 29, 2022, and on Defendant Arena Horse Shows on December 5, 2022. Pursuant to 28 U.S.C. § 1446(b), Defendant has timely filed this Notice of Removal within 30 days after receipt of a copy of Plaintiff's initial pleadings. Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of all process, pleadings, motions, and orders then on file in the State Court Action are attached as Exhibit A.

2. Removal to this Court is proper under 28 U.S.C. § 1446(a) because the United States District Court for the Middle District of Florida, Ocala Division is the district and division within which the Circuit Court for the Fifth Judicial Circuit, in and for Marion County, Florida, is located.

3. Plaintiff's Amended Complaint asserts four claims for relief against Defendants, including two claims brought under the Age Discrimination in Employment Act, 29 ("ADEA") U.S.C. §§ 621 *et seq.* By asserting claims under federal law, namely the ADEA, Plaintiff's Complaint asserts a federal question pursuant to 28 U.S.C. § 1331 and this case is properly removable under 28 U.S.C. § 1441(a).

4. This Court has supplemental jurisdiction over Plaintiff's state law claims for age discrimination. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal causes of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's

supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

5. Here, Plaintiff's state law claims for age discrimination under the Florida Civil Rights Act ("FCRA"), Fla. Stat. §§ 760.01 *et seq.*, relate closely to his ADEA claims for age discrimination. The claims all arise out of a common nucleus of operative facts; each of Plaintiff's two ADEA claims rely on the same eleven general allegations as the two FCRA claims, and then expressly incorporate the additional FCRA allegations. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims neither raise novel or complex issues of State law nor predominate over the claims over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Thus, removal is proper under 28 U.S.C. § 1441(c).

6. Co-Defendant Columbus Hospitality, LLC has joined and consented to the removal of this action. (See signed consent attached hereto as Exhibit B.)

7. Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

8. A true and correct copy of this Notice of Removal will be promptly filed with the Clerk of the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida, as provided by law. A copy of Defendant's notice of filing to the state court is attached hereto as Exhibit C.

9. By removing this matter, Defendants do not waive or intend to waive any defense, including but not limited to insufficiency of process and insufficiency of service of process.

WHEREFORE, Defendant Arena Horse Shows respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove the State Court Action to the United States District Court for the Middle District of Florida.

Dated: December 27, 2022

Respectfully submitted,

*/s/ Scott T. Silverman*
**Scott T. Silverman, Esq.**
Florida Bar No.: 0021709
Scott.silverman@akerman.com
**Jake K. Proudfoot, Esq.**
Florida Bar No.: 1011085
Jake.proudfoot@akerman.com
**AKERMAN LLP**
401 E. Jackson Street, Suite 1700
Tampa, FL 33602
Telephone: (813) 223-7333
Facsimile: (813) 223-2837
*Counsel for Defendant, Arena Horse Shows of Ocala, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 27, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing on all parties identified on the Service list below via email.

/s/ *Scott T. Silverman*
Attorney

## SERVICE LIST

| | |
|---|---|
| James P. Tarquin, Esq. | Sarah M. Glaser, Esq. |
| Mark Dillman, Esq. | SHUMAKER, LOOP & KENDRICK, LLP |
| JAMES R. TARQUIN, P.A. | 101 E. Kennedy Blvd., #2800 |
| 333 NW 3rd Avenue | Tampa, FL  33602 |
| Ocala, FL  34475 | sglaser@shumaker.com |
| tarquinlawoffice@aol.com | |

67914251;1