Exhibit "A"

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

_____

     **I.    CASE STYLE**

       IN THE CIRCUIT/COUNTY COURT OF THE <u>FIFTH</u>  JUDICIAL CIRCUIT,
             IN AND FOR <u>MARION</u>  COUNTY, FLORIDA

<u>Arthur Dyer</u>
Plaintiff                                            Case # _____
                                              Judge  _____

vs.

<u>Arena Horse Shows of Ocala LLC, Columbus Hospitality LLC</u>
 Defendant


_____

     **II.    AMOUNT OF CLAIM**
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

     **III.    TYPE OF CASE**    (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☒ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.     REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.     NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  2

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.     HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.     IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.     DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ James P Tarquin        Fla. Bar # 906190
      Attorney or party           (Bar # if attorney)

James P Tarquin          08/31/2022
 (type or print name)        Date

IN THE CIRCUIT COURT FOR THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

ARTHUR DYER,

        Plaintiff,

vs.                                                                                        Case No.

ARENA HORSE SHOWS OF OCALA,
LLC, d/b/a World Equestrian Center, World
Equestrian Center Ocala, and WEC South, and
COLUMBUS HOSPITALITY, LLC, d/b/a World
Equestrian Center and World Equestrian Center Ocala,

        Defendants.

_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Arthur Dyer (hereinafter "Plaintiff"), hereby files this suit against Defendant, Arena Horse Shows of Ocala, LLC, d/b/a World Equestrian Center, World Equestrian Center Ocala, and WEC South, and Defendant, Columbus Hospitality, LLC, d/b/a World Equestrian Center and World Equestrian Center Ocala, and alleges:

## NATURE OF ACTION

1.      This is an action to redress the deprivation of rights secured to Plaintiff by the Florida Civil Rights Act (hereinafter "FCRA"), FLA. STAT. §§ 760.01 *et seq.*

## STATUTORY PREREQUISITES TO SUIT

2.      Plaintiff has exhausted his administrative remedies and complied with all statutory prerequisites to maintaining the claims asserted herein as required by the FCRA. Further, Plaintiff has performed and fulfilled all conditions precedent to maintaining the claims asserted herein as required by the FCRA. (*See* Exhibit A).

## GENERAL ALLEGATIONS

3.      This is an action for damages in excess of thirty thousand (30,000) dollars,

exclusive of interest, costs, and attorney's fees.

4.     The alleged acts giving rise to this action were committed in Marion County, Florida, within the jurisdiction of the Circuit Court for the Fifth Judicial Circuit in and for Marion County, Florida.

5.     Plaintiff is a citizen of Florida.

6.     Defendant Arena Horse Shows of Ocala, LLC (hereinafter "Arena") is a limited liability company organized under the laws of the State of Ohio.  Arena has obtained a certificate of authority from the Florida Department of State, Division of Corporations to transact business in the State of Florida and, thus, is authorized to transact business in the State of Florida.  In documents filed with the Florida Department of State, Division of Corporations, Arena identifies its principal and mailing address as 600 Gillam Road, Wilmington, Ohio 45177.  The documents filed by Arena with the Florida Department of State, Division of Corporations do not identify the members, if any, of Arena and, thus, do not identify the citizenship of the members, if any, of Arena.  Arena conducts business under the assumed or fictitious names of World Equestrian Center, World Equestrian Center Ocala, and WEC South.  Arena has an office for transaction of its customary business, and has an agent or other representative, in Marion County, Florida.

7.     Defendant Columbus Hospitality, LLC (hereinafter "Columbus") is, on information and belief, a limited liability company organized under the laws of the State of Ohio. Columbus has not obtained a certificate of authority from the Florida Department of State, Division of Corporations to transact business in the State of Florida and, thus, is not authorized to transact business in the State of Florida.  On information and belief, Columbus has an office located at 600 Gillam Road, Wilmington, Ohio 45177.  Because Columbus has not obtained a certificate of authority from the Florida Department of State to transact business in the State of Florida, Columbus has not filed documents with the Florida Department of State, Division of

Corporations which identify the members, if any, of Columbus and the citizenship of the members, if any, of Columbus.  On information and belief, Columbus conducts business under the assumed or fictitious names of World Equestrian Center and World Equestrian Center Ocala.

8.      Plaintiff, who was born in 1939, is a member of a class protected by the FCRA against discrimination with respect to the terms, conditions, or privileges of employment on the basis of age.

9.      At all times material hereto, Arena was a person within the meaning of the FCRA employing fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.  As such, Arena was an employer within the meaning of the FCRA.  As an employer within the meaning of the FCRA, Arena was prohibited from discriminating against employees on the basis of age.

10.     At all times material hereto, Columbus was a person within the meaning of the FCRA employing fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.  As such, Columbus was an employer within the meaning of the FCRA.  As an employer within the meaning of the FCRA, Defendant was prohibited from discriminating against employees on the basis of age.

## COUNT I: AGE DISCRIMINATION AGAINST ARENA UNDER FCRA

11.     Plaintiff hereby restates the allegations contained in paragraphs two through ten as though stated fully and completely herein.

12.     This claim for discrimination on the basis of age is asserted against Arena pursuant to the FCRA.

13.     At all times material hereto, Plaintiff was hired by and was an employee Arena within the meaning of the FCRA.  As an employee of Arena for purposes of the FCRA, Plaintiff was protected by the FCRA against discrimination with respect to the terms, conditions, or

privileges of employment on the basis of age.  As his employer for purposes of the FCRA, Arena was prohibited by the FCRA from discriminating against Plaintiff with respect to the terms, conditions, or privileges of employment on the basis of age.

14.     In November 2020, Plaintiff submitted a written application for employment with Arena for the position of security officer.  When Plaintiff sought employment with Arena as a security officer, Arena was seeking and accepting applications for the position.

15.     In the written application Plaintiff submitted for employment with Arena for the position of security officer, Plaintiff did not disclose his date of birth or age.

16.     Plaintiff possessed the skills and background necessary to perform the duties of the position of a security officer.  Plaintiff is a veteran of the U.S. Armed Services, having served in the United States Army with the 101st Airborne Division.  Plaintiff is also a retired Florida Law Enforcement Officer, having served with the City of Miami Police Department for twenty-four years.  As such, Plaintiff was highly qualified for the position of security officer.

17.     On November 29, 2020, Arena offered Plaintiff employment as a security officer. On November 29, 2020, Plaintiff accepted Arena's offer of employment as a security officer. Thus, Arena hired Plaintiff for the position of security officer on November 29, 2020.

18.     In connection with hiring Plaintiff for the position of security officer, Arena assigned Plaintiff employee number CQ8269 and notified Plaintiff that his first day of employment was November 30, 2020.

19.     On November 30, 2020, which was Plaintiff's first day of employment with Arena, Plaintiff reported to work and participated in employee orientation.

20.     On November 30, 2020, after Plaintiff had participated in employee orientation on November 30, 2020 on his first day of employment that same day, Plaintiff completed and submitted to Arena new hire documents, which included a document requiring Plaintiff to

disclose his date of birth to Arena.  November 30, 2020 was the first occasion when Plaintiff disclosed his date of birth or age to Arena.

21.    On November 30, 2020, after Plaintiff had participated in employee orientation on his first day of employment that same day, and after Plaintiff had disclosed his date of birth and age to Arena for the first time that same day, Arena contacted Plaintiff and instructed Plaintiff not to report to work until further notice.

22.    After being instructed not to report to work until further notice, Plaintiff repeatedly contacted Arena about his employment status and returning to work.  Plaintiff informed Arena that he wanted to return to work and requested that Arena allow him to return to work.

23.    After instructing Plaintiff on November 30, 2020 not to report to work until further notice, Arena never instructed Plaintiff to report to work and never informed Plaintiff that he was required to report to work.

24.    Despite Plaintiff's notice that he wanted to return to work and requests to return to work, Arena ignored Plaintiff's inquiries about his employment status, ignored Plaintiff's requests to allow him to return to work, never informed Plaintiff that he was required to report to work, and refused to allow Plaintiff to return to work.  In ignoring Plaintiff's inquiries about his employment status, ignoring Plaintiff's requests to return to work, never informing Plaintiff that he was required to report to work, and refusing to allow Plaintiff to return to work, Arena terminated Plaintiff's employment.

25.    Because Plaintiff's first day of work on November 30, 2020 was also his final day of work, Arena terminated Plaintiff's employment on November 30, 2020.  The termination of Plaintiff's employment constitutes an adverse employment action for purposes of the FCRA.

26.    On April 21, 2021, after Plaintiff had initiated proceedings with the appropriate

federal and state fair employment practice administrative agencies alleging age discrimination against Arena, Arena issued Plaintiff a check compensating Plaintiff for work performed on behalf of Arena on November 30, 2020.

27.    Arena represented to the federal and/or state fair employment practice administrative agency investigating Plaintiff's allegations of age discrimination against Arena that Arena hired nine individuals for the security officer position within fifty-six days after November 30, 2020. All nine of the individuals hired by Arena for the security officer position were substantially younger than Plaintiff, with the oldest individual hired being twenty-two years younger than Plaintiff, with the third youngest individual hired being forty-six years younger than Plaintiff, with the second youngest individual hired being fifty-five years younger than Plaintiff, and the youngest individual hired being fifty-six years younger than Plaintiff. Arena further represented that the first person hired for the security guard position after November 30, 2020 was twenty-four years younger than Plaintiff. Based on Arena's representations, therefore, Plaintiff was replaced in the security officer position by an individual who was substantially younger than Plaintiff.

28.    Arena subjected Plaintiff to adverse employment action because of his age.

29.    In taking adverse employment action against Plaintiff because of his age, Arena intentionally discriminated against Plaintiff with respect to the terms, conditions, or privileges of employment on the basis of age.

30.    As a proximate result of the aforementioned intentional discriminatory acts of Arena, Plaintiff has suffered damages, including, but not limited to, the following: lost wages and employment benefits; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury.

31.    The aforementioned intentional discriminatory acts of Arena give rise to a cause

of action under the FCRA. In particular, the FCRA forbids discrimination against any employee on the basis of age with respect to the terms, conditions, or privileges of employment.

32. The aforementioned intentional discriminatory acts of Arena were performed with malice or with reckless indifference to Plaintiff's protected civil rights.

33. If Plaintiff prevails on his FCRA claim, resulting in vindication of his civil rights, then Plaintiff is entitled to a reasonable attorney's fee pursuant to the FCRA.

WHEREFORE, Plaintiff prays this Court grant the following relief: an order declaring that Arena violated Plaintiff's rights under the FCRA; an order for compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, dignitary injury, and other non-pecuniary losses; an order for back pay, including the economic value of lost employment benefits and interest on back pay; an order for front pay, including interest on front pay, or for reinstatement in lieu of front pay; an order for punitive damages as allowed by law; an order for reasonable attorney's fees (including expert fees) and costs; an order enjoining Arena from engaging in any such unlawful employment practice under the FCRA; an award of prejudgment and postjudgment interest on the damages award; and for such other legal and equitable relief as the nature of Plaintiff's cause may warrant.

## COUNT II: AGE DISCRIMINATION AGAINST COLUMBUS UNDER FCRA

34. Plaintiff hereby restates the allegations contained in paragraphs two through ten as though stated fully and completely herein.

35. This claim for discrimination on the basis of age is asserted against Columbus pursuant to the FCRA. Further, as authorized by Florida Rule of Civil Procedure 1.110(g), this claim and the allegations herein are asserted in the alternative to the claim against Arena in Count I.

36. If Plaintiff was not hired by and was not an employee of Arena within the

meaning of the FCRA, then Plaintiff was hired by and was an employee of Columbus within the meaning of the FCRA.  As an employee of Columbus for purposes of the FCRA, Plaintiff was protected by the FCRA against discrimination with respect to the terms, conditions, or privileges of employment on the basis of age.  As his employer for purposes of the FCRA, Columbus was prohibited by the FCRA from discriminating against Plaintiff with respect to the terms, conditions, or privileges of employment on the basis of age.

37.     In November 2020, Plaintiff submitted a written application for employment with Columbus for the position of security officer.   When Plaintiff sought employment with Columbus as a security officer, Columbus was seeking and accepting applications for the position.

38.     In the written application Plaintiff submitted for employment with Columbus for the position of security officer, Plaintiff did not disclose his date of birth or age.

39.     Plaintiff possessed the skills and background necessary to perform the duties of the position of a security officer.  Plaintiff is a veteran of the U.S. Armed Services, having served in the United States Army with the 101st Airborne Division.  Plaintiff is also a retired Florida Law Enforcement Officer, having served with the City of Miami Police Department for twenty-four years.  As such, Plaintiff was highly qualified for the position of security officer.

40.     On November 29, 2020, Columbus offered Plaintiff employment as a security officer.   On November 29, 2020, Plaintiff accepted Columbus' offer of employment as a security officer.  Thus, Columbus hired Plaintiff for the position of security officer on November 29, 2020.

41.     In connection with hiring Plaintiff for the position of security officer, Columbus assigned Plaintiff employee number CQ8269 and notified Plaintiff that his first day of employment was November 30, 2020.

42.    On November 30, 2020, which was Plaintiff's first day of employment with Columbus, Plaintiff reported to work and participated in employee orientation.

43.    On November 30, 2020, after Plaintiff had participated in employee orientation on November 30, 2020 on his first day of employment that same day, Plaintiff completed and submitted to Columbus new hire documents, which included a document requiring Plaintiff to disclose his date of birth to Columbus.  November 30, 2020 was the first occasion when Plaintiff disclosed his date of birth or age to Columbus.

44.    On November 30, 2020, after Plaintiff had participated in employee orientation on his first day of employment that same day, and after Plaintiff had disclosed his date of birth and age to Columbus for the first time that same day, Columbus contacted Plaintiff and instructed Plaintiff not to report to work until further notice.

45.    After being instructed not to report to work until further notice, Plaintiff repeatedly contacted Columbus about his employment status and returning to work.  Plaintiff informed Columbus that he wanted to return to work and requested that Columbus allow him to return to work.

46.    After instructing Plaintiff on November 30, 2020 not to report to work until further notice, Columbus never instructed Plaintiff to report to work and never informed Plaintiff that he was required to report to work.

47.    Despite Plaintiff's notice that he wanted to return to work and requests to return to work, Columbus ignored Plaintiff's inquiries about his employment status, ignored Plaintiff's requests to allow him to return to work, never informed Plaintiff that he was required to report to work, and refused to allow Plaintiff to return to work.  In ignoring Plaintiff's inquiries about his employment status, ignoring Plaintiff's requests to return to work, never informing Plaintiff that he was required to report to work, and refusing to allow Plaintiff to return to work, Columbus

9

terminated Plaintiff's employment.

48.     Because Plaintiff's first day of work on November 30, 2020 was also his final day of work, Columbus terminated Plaintiff's employment on November 30, 2020.  The termination of Plaintiff's employment constitutes an adverse employment action for purposes of the FCRA.

49.     On April 21, 2021, after Plaintiff had initiated proceedings with the appropriate federal and state fair employment practice administrative agencies alleging age discrimination against Columbus, Columbus issued Plaintiff a check compensating Plaintiff for work performed on behalf of Columbus on November 30, 2020.

50.     Columbus represented to the federal and/or state fair employment practice administrative agency investigating Plaintiff's allegations of age discrimination against Columbus that Columbus hired nine individuals for the security officer position within fifty-six days after November 30, 2020.  All nine of the individuals hired by Columbus for the security officer position were substantially younger than Plaintiff, with the oldest individual hired being twenty-two years younger than Plaintiff, with the third youngest individual hired being forty-six years younger than Plaintiff, with the second youngest individual hired being fifty-five years younger than Plaintiff, and the youngest individual hired being fifty-six years younger than Plaintiff.  Columbus further represented that the first person hired for the security guard position after November 30, 2020 was twenty-four years younger than Plaintiff.  Based on Columbus' representations, therefore, Plaintiff was replaced in the security officer position by an individual who was substantially younger than Plaintiff.

51.     Columbus subjected Plaintiff to adverse employment action because of his age.

52.     In taking adverse employment action against Plaintiff because of his age, Columbus intentionally discriminated against Plaintiff with respect to the terms, conditions, or privileges of employment on the basis of age.

53.     As a proximate result of the aforementioned intentional discriminatory acts of Columbus, Plaintiff has suffered damages, including, but not limited to, the following: lost wages and employment benefits; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury.

54.     The aforementioned intentional discriminatory acts of Columbus give rise to a cause of action under the FCRA.  In particular, the FCRA forbids discrimination against any employee on the basis of age with respect to the terms, conditions, or privileges of employment.

55.     The aforementioned intentional discriminatory acts of Columbus were performed with malice or with reckless indifference to Plaintiff's protected civil rights.

56.     If Plaintiff prevails on his FCRA claim, resulting in vindication of his civil rights, then Plaintiff is entitled to a reasonable attorney's fee pursuant to the FCRA.

WHEREFORE, Plaintiff prays this Court grant the following relief:  an order declaring that Columbus violated Plaintiff's rights under the FCRA; an order for compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, dignitary injury, and other non-pecuniary losses; an order for back pay, including the economic value of lost employment benefits and interest on back pay; an order for front pay, including interest on front pay, or for reinstatement in lieu of front pay; an order for punitive damages as allowed by law; an order for reasonable attorney's fees (including expert fees) and costs; an order enjoining Columbus from engaging in any such unlawful employment practice under the FCRA; an award of prejudgment and postjudgment interest on the damages award; and for such other legal and equitable relief as the nature of Plaintiff's cause may warrant.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands pursuant to FLA. R. CIV. P. 1.430 a trial by jury on all issues so triable.

11

Dated:  August 31, 2022                    Respectfully submitted,


                                           / s / James Tarquin
                                           James P. Tarquin
                                           Florida Bar No. 906190
                                           Mark Dillman
                                           Florida Bar No. 0276250
                                           JAMES P. TARQUIN, P.A.
                                           333 NW 3rd Avenue
                                           Ocala, Florida 34475
                                           Telephone: (352) 401-7671
                                           Attorneys for Plaintiff
                                           tarquinlawoffice@aol.com

UNOFFICIAL DOCUMENT



**EXHIBIT A**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Miami District Office
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 08/17/2022

**To:** Mr. Arthur L. Dyer
21511 S.W. 10 Street
DUNNELLON, FL 34431
Charge No: 510-2021-01717

EEOC Representative and email:    Consuelo Nodar
Investigator
Consuelo.Nodar@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 510-2021-01717.

On behalf of the Commission,

Digitally Signed By: Roberto Chavez
08/17/2022
Roberto Chavez
Acting District Director

**Cc:**

**Respondent's Representative**
Jessica Barwell, Esq.
Wesp Barwell, LLC
100 E BROAD SRET SUITE 2300
Columbus, OH 43215
jbarwell@wesplaw.com

**Complainant's Representative**
James P. Tarquin, Esquire
333 NW 3rd Avenue
Ocala, FL 34475
TarquinLawOffice@Aol.com

Please retain this notice for your records.



IN THE CIRCUIT COURT FOR THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

ARTHUR DYER,

        Plaintiff,

vs.                                      Case No.

ARENA HORSE SHOWS OF OCALA,
LLC, d/b/a World Equestrian Center, World
Equestrian Center Ocala, and WEC South, and
COLUMBUS HOSPITALITY, LLC, d/b/a World
Equestrian Center and World Equestrian Center Ocala,

        Defendants.

_____/

## SUMMONS

    THE STATE OF FLORIDA

    To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint in this action on defendant:

**Arena Horse Shows of Ocala, LLC**
**600 Gillam Road**
**Wilmington, Ohio 45177**

    Each defendant is required to serve written defenses to the complaint or petition on James P. Tarquin, P.A., plaintiff's attorney, whose address is 1111 N.E. 25th Avenue, Suite 501, Ocala, Florida 34470, within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on this _____

                                     Clerk of the Court

                                     By: _____
                                        As Deputy Clerk

IN THE CIRCUIT COURT FOR THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

ARTHUR DYER,

                Plaintiff,

vs.                                                       Case No.

ARENA HORSE SHOWS OF OCALA,
LLC, d/b/a World Equestrian Center, World
Equestrian Center Ocala, and WEC South, and
COLUMBUS HOSPITALITY, LLC, d/b/a World
Equestrian Center and World Equestrian Center Ocala,

                Defendants.

_____/

## <u>SUMMONS</u>

            THE STATE OF FLORIDA

            To Each Sheriff of the State:

            YOU ARE COMMANDED to serve this summons and a copy of the complaint in this action on defendant:

            **Columbus Hospitality, LLC**
            **600 Gillam Road**
            **Wilmington, Ohio 45177**

            Each defendant is required to serve written defenses to the complaint or petition on James P. Tarquin, P.A., plaintiff's attorney, whose address is 1111 N.E. 25th Avenue, Suite 501, Ocala, Florida 34470, within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

            DATED on this _____

                                    Clerk of the Court

                                    By: _____
                                         As Deputy Clerk

IN THE CIRCUIT COURT FOR THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

ARTHUR DYER,

          Plaintiff,

vs.                                               Case No.  22-CA-1810

ARENA HORSE SHOWS OF OCALA,
LLC, d/b/a World Equestrian Center, World
Equestrian Center Ocala, and WEC South, and
COLUMBUS HOSPITALITY, LLC, d/b/a World
Equestrian Center and World Equestrian Center Ocala,

          Defendants.

_____/

## **SUMMONS**

THE STATE OF FLORIDA

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint in this action on defendant:

**Arena Horse Shows of Ocala, LLC**
**600 Gillam Road**
**Wilmington, Ohio 45177**

Each defendant is required to serve written defenses to the complaint or petition on James P. Tarquin, P.A., plaintiff's attorney, whose address is 1111 N.E. 25th Avenue, Suite 501, Ocala, Florida 34470, within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on this _____ SEPTEMBER 01, 2022 _____

                                         GREGORY C. HARRELL
                                         Clerk of the Court

By: _R. Buell_____
                         As Deputy Clerk

IN THE CIRCUIT COURT FOR THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

ARTHUR DYER,

          Plaintiff,

vs.                                        Case No.  22-CA-1810

ARENA HORSE SHOWS OF OCALA,
LLC, d/b/a World Equestrian Center, World
Equestrian Center Ocala, and WEC South, and
COLUMBUS HOSPITALITY, LLC, d/b/a World
Equestrian Center and World Equestrian Center Ocala,

          Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint in this action on defendant:

**Columbus Hospitality, LLC**
**600 Gillam Road**
**Wilmington, Ohio 45177**

Each defendant is required to serve written defenses to the complaint or petition on James P. Tarquin, P.A., plaintiff's attorney, whose address is 1111 N.E. 25th Avenue, Suite 501, Ocala, Florida 34470, within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on this _____ SEPTEMBER 01, 2022 _____

                                     GREGORY C. HARRELL
                                      Clerk of the Court

                          By: _____
                                    As Deputy Clerk

IN THE CIRCUIT COURT FOR THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

ARTHUR DYER,

        Plaintiff,

vs.

        Case No. 22-CA-1810

ARENA HORSE SHOWS OF OCALA,
LLC, d/b/a World Equestrian Center, World
Equestrian Center Ocala, and WEC South, and
COLUMBUS HOSPITALITY, LLC, d/b/a World
Equestrian Center, World Equestrian Center Ocala,
and Columbus Hospitality Management,

        Defendants.

_____/

## PLAINTIFF'S FIRST AMENDED
## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Arthur Dyer (hereinafter "Plaintiff"), hereby files this suit against Defendant,

Arena Horse Shows of Ocala, LLC, d/b/a World Equestrian Center, World Equestrian Center

Ocala, and WEC South, and Defendant, Columbus Hospitality, LLC, d/b/a World Equestrian

Center, World Equestrian Center Ocala, and Columbus Hospitality Management, and alleges:

### NATURE OF ACTION

1.     This is an action to redress the deprivation of rights secured to Plaintiff by the

Florida Civil Rights Act (hereinafter "FCRA"), FLA. STAT. §§ 760.01 *et seq.*, and the Age

Discrimination in Employment Act (hereinafter "ADEA"), 29 U.S.C. §§ 621 *et seq.*

### STATUTORY PREREQUISITES TO SUIT

2.     Plaintiff has exhausted his administrative remedies and complied with all

statutory prerequisites to maintaining the claims asserted herein as required by the FCRA and

ADEA. Further, Plaintiff has performed and fulfilled all conditions precedent to maintaining the

claims asserted herein as required by the FCRA and ADEA. (*See* Exhibit A).

## GENERAL ALLEGATIONS

3.     This is an action for damages in excess of thirty thousand (30,000) dollars, exclusive of interest, costs, and attorney's fees.

4.     The alleged acts giving rise to this action were committed in Marion County, Florida, within the jurisdiction of the Circuit Court for the Fifth Judicial Circuit in and for Marion County, Florida.

5.     Plaintiff is a citizen of Florida.

6.     Defendant Arena Horse Shows of Ocala, LLC (hereinafter "Arena") is a limited liability company organized under the laws of the State of Ohio.  Arena has obtained a certificate of authority from the Florida Department of State, Division of Corporations to transact business in the State of Florida and, thus, is authorized to transact business in the State of Florida.  In documents filed with the Florida Department of State, Division of Corporations, Arena identifies its principal and mailing address as 600 Gillam Road, Wilmington, Ohio 45177.  The documents filed by Arena with the Florida Department of State, Division of Corporations do not identify the members, if any, of Arena and, thus, do not identify the citizenship of the members, if any, of Arena.  Arena conducts business under the assumed or fictitious names of World Equestrian Center, World Equestrian Center Ocala, and WEC South.  Arena has an office for transaction of its customary business, and has an agent or other representative, in Marion County, Florida.

7.     Defendant Columbus Hospitality, LLC (hereinafter "Columbus") is, on information and belief, a limited liability company organized under the laws of the State of Ohio.  Columbus has not obtained a certificate of authority from the Florida Department of State, Division of Corporations to transact business in the State of Florida and, thus, is not authorized to transact business in the State of Florida.  On information and belief, Columbus has offices located at 600 Gillam Road, Wilmington, Ohio 45177 and 775 Yard Street, Suite 180,

2

Columbus, Ohio 43212. Because Columbus has not obtained a certificate of authority from the Florida Department of State to transact business in the State of Florida, Columbus has not filed documents with the Florida Department of State, Division of Corporations which identify the members, if any, of Columbus and the citizenship of the members, if any, of Columbus. On information and belief, Columbus conducts business under the assumed or fictitious names of World Equestrian Center, World Equestrian Center Ocala, and Columbus Hospitality Management.

8.      Plaintiff, who was born in 1939, is a member of a class protected by the FCRA and ADEA against discrimination with respect to the terms, conditions, or privileges of employment on the basis of age.

9.      At all times material hereto, Arena was a person within the meaning of the FCRA employing fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. As such, Arena was an employer within the meaning of the FCRA. As an employer within the meaning of the FCRA, Arena was prohibited from discriminating against employees on the basis of age.

10.      At all times material hereto, Arena was a person within the meaning of the ADEA engaged in an industry affecting commerce who had twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. As such, Arena was an employer within the meaning of the ADEA. As an employer within the meaning of the ADEA, Arena was prohibited from discriminating against employees on the basis of age.

11.      At all times material hereto, Columbus was a person within the meaning of the FCRA employing fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. As such, Columbus was an employer

3

within the meaning of the FCRA.  As an employer within the meaning of the FCRA, Columbus was prohibited from discriminating against employees on the basis of age.

12.     At all times material hereto, Columbus was a person within the meaning of the ADEA engaged in an industry affecting commerce who had twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. As such, Columbus was an employer within the meaning of the ADEA.  As an employer within the meaning of the ADEA, Columbus was prohibited from discriminating against employees on the basis of age.

## COUNT I:  AGE DISCRIMINATION AGAINST ARENA UNDER FCRA

13.     Plaintiff hereby restates the allegations contained in paragraphs two through twelve as though stated fully and completely herein.

14.     This claim for discrimination on the basis of age is asserted against Arena pursuant to the FCRA.

15.     At all times material hereto, Plaintiff was hired by and was an employee Arena within the meaning of the FCRA and ADEA.  As an employee of Arena for purposes of the FCRA and ADEA, Plaintiff was protected by the FCRA and ADEA against discrimination with respect to the terms, conditions, or privileges of employment on the basis of age.  As his employer for purposes of the FCRA and ADEA, Arena was prohibited by the FCRA and ADEA from discriminating against Plaintiff with respect to the terms, conditions, or privileges of employment on the basis of age.

16.     In November 2020, Plaintiff submitted a written application for employment with Arena for the position of security officer.  When Plaintiff sought employment with Arena as a security officer, Arena was seeking and accepting applications for the position.

17.     In the written application Plaintiff submitted for employment with Arena for the

position of security officer, Plaintiff did not disclose his date of birth or age.

18.   Plaintiff possessed the skills and background necessary to perform the duties of the position of a security officer. Plaintiff is a veteran of the U.S. Armed Services, having served in the United States Army with the 101st Airborne Division. Plaintiff is also a retired Florida Law Enforcement Officer, having served with the City of Miami Police Department for twenty-four years. As such, Plaintiff was highly qualified for the position of security officer.

19.   On November 29, 2020, Arena offered Plaintiff employment as a security officer. On November 29, 2020, Plaintiff accepted Arena's offer of employment as a security officer. Thus, Arena hired Plaintiff for the position of security officer on November 29, 2020.

20.   In connection with hiring Plaintiff for the position of security officer, Arena assigned Plaintiff employee number CQ8269 and notified Plaintiff that his first day of employment was November 30, 2020.

21.   On November 30, 2020, which was Plaintiff's first day of employment with Arena, Plaintiff reported to work and participated in employee orientation.

22.   On November 30, 2020, after Plaintiff had participated in employee orientation on November 30, 2020 on his first day of employment that same day, Plaintiff completed and submitted to Arena new hire documents, which included a document requiring Plaintiff to disclose his date of birth to Arena. November 30, 2020 was the first occasion when Plaintiff disclosed his date of birth or age to Arena.

23.   On November 30, 2020, after Plaintiff had participated in employee orientation on his first day of employment that same day, and after Plaintiff had disclosed his date of birth and age to Arena for the first time that same day, Arena contacted Plaintiff and instructed Plaintiff not to report to work until further notice.

24.   After being instructed not to report to work until further notice, Plaintiff

repeatedly contacted Arena about his employment status and returning to work.  Plaintiff informed Arena that he wanted to return to work and requested that Arena allow him to return to work.

25.     After instructing Plaintiff on November 30, 2020 not to report to work until further notice, Arena never instructed Plaintiff to report to work and never informed Plaintiff that he was required to report to work.

26.     Despite Plaintiff's notice that he wanted to return to work and requests to return to work, Arena ignored Plaintiff's inquiries about his employment status, ignored Plaintiff's requests to allow him to return to work, never informed Plaintiff that he was required to report to work, and refused to allow Plaintiff to return to work.  In ignoring Plaintiff's inquiries about his employment status, ignoring Plaintiff's requests to return to work, never informing Plaintiff that he was required to report to work, and refusing to allow Plaintiff to return to work, Arena terminated Plaintiff's employment.

27.     Because Plaintiff's first day of work on November 30, 2020 was also his final day of work, Arena terminated Plaintiff's employment on November 30, 2020.  The termination of Plaintiff's employment constitutes an adverse employment action for purposes of the FCRA and ADEA.

28.     On April 21, 2021, after Plaintiff had initiated proceedings with the appropriate federal and state fair employment practice administrative agencies alleging age discrimination against Arena, Arena issued Plaintiff a check compensating Plaintiff for work performed on behalf of Arena on November 30, 2020.

29.     Arena represented to the federal and/or state fair employment practice administrative agency investigating Plaintiff's allegations of age discrimination against Arena that Arena hired nine individuals for the security officer position within fifty-six days after

November 30, 2020.  All nine of the individuals hired by Arena for the security officer position were substantially younger than Plaintiff, with the oldest individual hired being twenty-two years younger than Plaintiff, with the third youngest individual hired being forty-six years younger than Plaintiff, with the second youngest individual hired being fifty-five years younger than Plaintiff, and the youngest individual hired being fifty-six years younger than Plaintiff.  Arena further represented that the first person hired for the security guard position after November 30, 2020 was twenty-four years younger than Plaintiff.  Based on Arena's representations, therefore, Plaintiff was replaced in the security officer position by an individual who was substantially younger than Plaintiff.

30.     Arena subjected Plaintiff to adverse employment action because of his age.

31.     In taking adverse employment action against Plaintiff because of his age, Arena intentionally discriminated against Plaintiff with respect to the terms, conditions, or privileges of employment on the basis of age.

32.     As a proximate result of the aforementioned intentional discriminatory acts of Arena, Plaintiff has suffered damages, including, but not limited to, the following: lost wages and employment benefits; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury.

33.     The aforementioned intentional discriminatory acts of Arena give rise to a cause of action under the FCRA.  In particular, the FCRA forbids discrimination against any employee on the basis of age with respect to the terms, conditions, or privileges of employment.

34.     The aforementioned intentional discriminatory acts of Arena were performed with malice or with reckless indifference to Plaintiff's protected civil rights.

35.     If Plaintiff prevails on his FCRA claim, resulting in vindication of his civil rights, then Plaintiff is entitled to a reasonable attorney's fee pursuant to the FCRA.

WHEREFORE, Plaintiff prays this Court grant the following relief:  an order declaring that Arena violated Plaintiff's rights under the FCRA; an order for compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, dignitary injury, and other non-pecuniary losses; an order for back pay, including the economic value of lost employment benefits and interest on back pay; an order for front pay, including interest on front pay, or for reinstatement in lieu of front pay; an order for punitive damages as allowed by law; an order for reasonable attorney's fees (including expert fees) and costs; an order enjoining Arena from engaging in any such unlawful employment practice under the FCRA; an award of prejudgment and postjudgment interest on the damages award; and for such other legal and equitable relief as the nature of Plaintiff's cause may warrant.

## COUNT II:  AGE DISCRIMINATION AGAINST ARENA UNDER ADEA

36.     Plaintiff hereby restates the allegations contained in paragraphs two through twelve, along with the allegations in paragraphs fifteen through thirty-two, as though stated fully and completely herein.

37.     This claim for discrimination on the basis of age is asserted against Arena pursuant to the ADEA.

38.     By and through acts alleged more specifically in Count I, Arena intentionally discriminated against Plaintiff with respect to the terms, conditions, or privileges of employment on the basis of age.

39.     As a proximate result of the aforementioned intentional discriminatory acts of Arena, Plaintiff has suffered damages as alleged more specifically in paragraph thirty-two.

40.     The aforementioned intentional discriminatory acts of Arena give rise to a cause of action under the ADEA.  In particular, the ADEA forbids discrimination against any employee on the basis of age with respect to the terms, conditions, or privileges of employment.

41.     The aforementioned intentional discriminatory acts of Arena were performed with knowledge that such conduct violated the ADEA or with reckless disregard as to whether such conduct violated the ADEA.

42.     If Plaintiff prevails on his ADEA claim, resulting in vindication of his civil rights, then Plaintiff is entitled to a reasonable attorney's fee pursuant to the ADEA.

WHEREFORE, Plaintiff prays this Court grant the following relief:  an order declaring that Arena violated Plaintiff's rights under the ADEA; an order for back pay, including the economic value of lost employment benefits and interest on back pay; an order for front pay, including interest on front pay, or for reinstatement in lieu of front pay; an order for liquidated damages as allowed by law; an order for reasonable attorney's fees (including expert fees) and costs; an order enjoining Arena from engaging in any such unlawful employment practice under the ADEA; an award of prejudgment and postjudgment interest on the damages award; and for such other legal and equitable relief as the nature of Plaintiff's cause may warrant.

## COUNT III:  AGE DISCRIMINATION AGAINST COLUMBUS UNDER FCRA

43.     Plaintiff hereby restates the allegations contained in paragraphs two through twelve as though stated fully and completely herein.

44.     This claim for discrimination on the basis of age is asserted against Columbus pursuant to the FCRA.  Further, as authorized by Florida Rule of Civil Procedure 1.110(g), this claim and the allegations herein are asserted in the alternative to the claim against Arena in Count I.

45.     If Plaintiff was not hired by and was not an employee of Arena within the meaning of the FCRA and ADEA, then Plaintiff was hired by and was an employee of Columbus within the meaning of the FCRA and ADEA.  As an employee of Columbus for purposes of the FCRA and ADEA, Plaintiff was protected by the FCRA and ADEA against discrimination with

respect to the terms, conditions, or privileges of employment on the basis of age. As his employer for purposes of the FCRA and ADEA, Columbus was prohibited by the FCRA and ADEA from discriminating against Plaintiff with respect to the terms, conditions, or privileges of employment on the basis of age.

46.  In November 2020, Plaintiff submitted a written application for employment with Columbus for the position of security officer. When Plaintiff sought employment with Columbus as a security officer, Columbus was seeking and accepting applications for the position.

47.  In the written application Plaintiff submitted for employment with Columbus for the position of security officer, Plaintiff did not disclose his date of birth or age.

48.  Plaintiff possessed the skills and background necessary to perform the duties of the position of a security officer. Plaintiff is a veteran of the U.S. Armed Services, having served in the United States Army with the 101st Airborne Division. Plaintiff is also a retired Florida Law Enforcement Officer, having served with the City of Miami Police Department for twenty-four years. As such, Plaintiff was highly qualified for the position of security officer.

49.  On November 29, 2020, Columbus offered Plaintiff employment as a security officer. On November 29, 2020, Plaintiff accepted Columbus' offer of employment as a security officer. Thus, Columbus hired Plaintiff for the position of security officer on November 29, 2020.

50.  In connection with hiring Plaintiff for the position of security officer, Columbus assigned Plaintiff employee number CQ8269 and notified Plaintiff that his first day of employment was November 30, 2020.

51.  On November 30, 2020, which was Plaintiff's first day of employment with Columbus, Plaintiff reported to work and participated in employee orientation.

52.     On November 30, 2020, after Plaintiff had participated in employee orientation on November 30, 2020 on his first day of employment that same day, Plaintiff completed and submitted to Columbus new hire documents, which included a document requiring Plaintiff to disclose his date of birth to Columbus.  November 30, 2020 was the first occasion when Plaintiff disclosed his date of birth or age to Columbus.

53.     On November 30, 2020, after Plaintiff had participated in employee orientation on his first day of employment that same day, and after Plaintiff had disclosed his date of birth and age to Columbus for the first time that same day, Columbus contacted Plaintiff and instructed Plaintiff not to report to work until further notice.

54.     After being instructed not to report to work until further notice, Plaintiff repeatedly contacted Columbus about his employment status and returning to work.  Plaintiff informed Columbus that he wanted to return to work and requested that Columbus allow him to return to work.

55.     After instructing Plaintiff on November 30, 2020 not to report to work until further notice, Columbus never instructed Plaintiff to report to work and never informed Plaintiff that he was required to report to work.

56.     Despite Plaintiff's notice that he wanted to return to work and requests to return to work, Columbus ignored Plaintiff's inquiries about his employment status, ignored Plaintiff's requests to allow him to return to work, never informed Plaintiff that he was required to report to work, and refused to allow Plaintiff to return to work.  In ignoring Plaintiff's inquiries about his employment status, ignoring Plaintiff's requests to return to work, never informing Plaintiff that he was required to report to work, and refusing to allow Plaintiff to return to work, Columbus terminated Plaintiff's employment.

57.     Because Plaintiff's first day of work on November 30, 2020 was also his final day

of work, Columbus terminated Plaintiff's employment on November 30, 2020. The termination of Plaintiff's employment constitutes an adverse employment action for purposes of the FCRA and ADEA.

58.    On April 21, 2021, after Plaintiff had initiated proceedings with the appropriate federal and state fair employment practice administrative agencies alleging age discrimination against Columbus, Columbus issued Plaintiff a check compensating Plaintiff for work performed on behalf of Columbus on November 30, 2020.

59.    Columbus represented to the federal and/or state fair employment practice administrative agency investigating Plaintiff's allegations of age discrimination against Columbus that Columbus hired nine individuals for the security officer position within fifty-six days after November 30, 2020. All nine of the individuals hired by Columbus for the security officer position were substantially younger than Plaintiff, with the oldest individual hired being twenty-two years younger than Plaintiff, with the third youngest individual hired being forty-six years younger than Plaintiff, with the second youngest individual hired being fifty-five years younger than Plaintiff, and the youngest individual hired being fifty-six years younger than Plaintiff. Columbus further represented that the first person hired for the security guard position after November 30, 2020 was twenty-four years younger than Plaintiff. Based on Columbus' representations, therefore, Plaintiff was replaced in the security officer position by an individual who was substantially younger than Plaintiff.

60.    Columbus subjected Plaintiff to adverse employment action because of his age.

61.    In taking adverse employment action against Plaintiff because of his age, Columbus intentionally discriminated against Plaintiff with respect to the terms, conditions, or privileges of employment on the basis of age.

62.    As a proximate result of the aforementioned intentional discriminatory acts of

Columbus, Plaintiff has suffered damages, including, but not limited to, the following: lost wages and employment benefits; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury.

63.    The aforementioned intentional discriminatory acts of Columbus give rise to a cause of action under the FCRA.  In particular, the FCRA forbids discrimination against any employee on the basis of age with respect to the terms, conditions, or privileges of employment.

64.    The aforementioned intentional discriminatory acts of Columbus were performed with malice or with reckless indifference to Plaintiff's protected civil rights.

65.    If Plaintiff prevails on his FCRA claim, resulting in vindication of his civil rights, then Plaintiff is entitled to a reasonable attorney's fee pursuant to the FCRA.

WHEREFORE, Plaintiff prays this Court grant the following relief:  an order declaring that Columbus violated Plaintiff's rights under the FCRA; an order for compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, dignitary injury, and other non-pecuniary losses; an order for back pay, including the economic value of lost employment benefits and interest on back pay; an order for front pay, including interest on front pay, or for reinstatement in lieu of front pay; an order for punitive damages as allowed by law; an order for reasonable attorney's fees (including expert fees) and costs; an order enjoining Columbus from engaging in any such unlawful employment practice under the FCRA; an award of prejudgment and postjudgment interest on the damages award; and for such other legal and equitable relief as the nature of Plaintiff's cause may warrant.

### COUNT IV:  AGE DISCRIMINATION AGAINST COLUMBUS UNDER ADEA

66.    Plaintiff hereby restates the allegations contained in paragraphs two through twelve, along with the allegations in paragraphs forty-five through sixty-two, as though stated fully and completely herein.

67.     This claim for discrimination on the basis of age is asserted against Columbus pursuant to the ADEA.  Further, as authorized by Florida Rule of Civil Procedure 1.110(g), this claim and the allegations herein are asserted in the alternative to the claim against Arena in Count II.

68.     By and through acts alleged more specifically in Count III, Columbus intentionally discriminated against Plaintiff with respect to the terms, conditions, or privileges of employment on the basis of age.

69.     As a proximate result of the aforementioned intentional discriminatory acts of Columbus, Plaintiff has suffered damages as alleged more specifically in paragraph sixty-two.

70.     The aforementioned intentional discriminatory acts of Columbus give rise to a cause of action under the ADEA.  In particular, the ADEA forbids discrimination against any employee on the basis of age with respect to the terms, conditions, or privileges of employment.

71.     The aforementioned intentional discriminatory acts of Columbus were performed with knowledge that such conduct violated the ADEA or with reckless disregard as to whether such conduct violated the ADEA.

72.     If Plaintiff prevails on his ADEA claim, resulting in vindication of his civil rights, then Plaintiff is entitled to a reasonable attorney's fee pursuant to the ADEA.

WHEREFORE, Plaintiff prays this Court grant the following relief:  an order declaring that Columbus violated Plaintiff's rights under the ADEA; an order for back pay, including the economic value of lost employment benefits and interest on back pay; an order for front pay, including interest on front pay, or for reinstatement in lieu of front pay; an order for liquidated damages as allowed by law; an order for reasonable attorney's fees (including expert fees) and costs; an order enjoining Columbus from engaging in any such unlawful employment practice under the ADEA; an award of prejudgment and postjudgment interest on the damages award;

and for such other legal and equitable relief as the nature of Plaintiff's cause may warrant.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands pursuant to FLA. R. CIV. P. 1.430 a trial by jury on all issues so triable.

Dated: November 5, 2022                          Respectfully submitted,


                                        / s / James Tarquin
                                        James P. Tarquin
                                        Florida Bar No. 906190
                                        Mark Dillman
                                        Florida Bar No. 0276250
                                        JAMES P. TARQUIN, P.A.
                                        333 NW 3rd Avenue
                                        Ocala, Florida 34475
                                        Telephone: (352) 401-7671
                                        Attorneys for Plaintiff
                                        tarquinlawoffice@aol.com

**<u>EXHIBIT A</u>**





**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Miami District Office
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 08/17/2022

**To:** Mr. Arthur L. Dyer
21511 S.W. 10 Street
DUNNELLON, FL 34431
Charge No: 510-2021-01717

EEOC Representative and email:    Consuelo Nodar
Investigator
Consuelo.Nodar@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 510-2021-01717.

On behalf of the Commission,

Digitally Signed By: Roberto Chavez
08/17/2022

Roberto Chavez
Acting District Director

**Cc:**

**Respondent's Representative**
Jessica Barwell, Esq.
Wesp Barwell, LLC
100 E BROAD SRET SUITE 2300
Columbus, OH 43215
jbarwell@wesplaw.com

**Complainant's Representative**
James P. Tarquin, Esquire
333 NW 3rd Avenue
Ocala, FL 34475
TarquinLawOffice@Aol.com

Please retain this notice for your records.



**IN THE CIRCUIT COURT FOR THE FIFTH JUDICIAL CIRCUIT**
**IN AND FOR MARION COUNTY, FLORIDA**

ARTHUR DYER,       :
           :  Case No. 22-CA-1810
  Plaintiff,     :
           :
v.           :  Judge Robert W. Hodges
           :
ARENA HORSE SHOWS OF OCALA, :
LLC d/b/a World Equestrian Center, et al., :
           :
  Defendants.

**STIPULATED EXTENSION OF TIME TO MOVE OR PLEAD**

Pursuant to Fla. R. Civ. P. 1.090, Plaintiff Arthur Dyer and Defendant Columbus Hospitality jointly stipulate that Columbus Hospitality shall have an additional twenty-one (21) days in which to move or plead, up to and including January 9, 2023. As grounds for such extension the parties state as follows:

1. Columbus Hospitality's statutory agent in Columbus, Ohio received service on November 29, 2022.

2. Columbus Hospitality is obtaining local legal counsel to represent it in this matter.

3. The Complaint includes over 50 allegations which must be responded to.

4. An Answer is presently due on or about December 19, 2022.

5. No prior stipulated extensions of time have been sought or received.

*/s/James P. Tarquin*      SHUMAKER, LOOP & KENDRICK, LLP

James P. Tarquin       By: */s/ Sarah M. Glaser*
Florida Bar No. 906190      SARAH M. GLASER, ESQ.
Mark Dillman        Florida Bar No. 52197
Florida Bar No. 0276250     sglaser@shumaker.com
JAMES R. TARQUI, P.A.     101 East Kennedy Boulevard – Suite 2800
333 NW 3rd Avenue      Tampa, Florida 33602
Ocala, Florida 34475      PH: 813.229-7600
Telephone: (352) 401-7671    FAX: 813.229.1660
Attorneys for Plaintiff      Attorneys for Defendant
*tarquinlawoffice@aol.com*

*/s/ Jessica A Barwell*
**WESP BARWELL, L.L.C.**
Jessica A. Barwell (0088716)
Gregory P. Barwell (0070545)
475 Metro Place S. Suite 430
Dublin, OH 43017
P+F: (614) 456-0488
Email:  jbarwell@wesplaw.com
Email: gbarwell@wesplaw
*Attorneys for Defendant*

*PRO HAC VICE to be filed*

